Case 4:20-cv-02439   Document 4   Filed on 03/22/21 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-2439 |
| | § | (CRIMINAL NO. H-15-060-02) |
| SONNY FLOYD PERVIS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Sonny Floyd Pervis (BOP # 82432-379) ("Defendant"), has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Defendant's § 2255 Motion") (Docket Entry No. 561) claiming ineffective assistance of counsel.[1] The government has filed United States' Response to Defendant's 28 U.S.C. § 2255 Motion ("United States' Response") (Docket Entry No. 575), arguing that the motion should be denied.[2] The court has carefully reviewed all of the parties' arguments. Based on this review and the application of governing legal authorities, Defendant's § 2255 Motion will be denied, and the corresponding Civil Action No. H-20-2439 will be dismissed for the reasons explained below.

---

[1] Defendant's § 2255 Motion, Docket Entry No. 561, pp. 4-7. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] United States' Response, Docket Entry No. 575, p. 1.

## I. Procedural History

Defendant was first charged with violations of federal law by an indictment returned on February 4, 2015.[3] On June 9, 2016, a federal grand jury returned a second superseding indictment charging Defendant and his co-defendant Raynard Gray with two counts of bank robbery under 18 U.S.C. § 2113(a) (counts one and three), carrying and using a firearm in relation to a "crime of violence" under 18 U.S.C. § 924(c) (count two), and brandishing a firearm during and in relation to a "crime of violence" under 18 U.S.C. § 924(c) (count four).[4] The counts arose from two different events — an attempted robbery on July 26, 2014, and a robbery on July 28, 2014, of the Shared Services Credit Union in Pasadena, Texas.[5] On June 16, 2016, Defendant was arraigned on the Second Superseding Indictment.[6] Defendant was represented during trial proceedings by defense counsel Eugene Tausk, and he entered a plea of not guilty on all counts.[7]

---

[3] Indictment, Docket Entry No. 1.

[4] Second Superseding Indictment, Docket Entry No. 221.

[5] Id. at 1-3.

[6] Minute Entry for Proceedings Held Before Magistrate Judge Stephen Smith: Arraignment as to Raynard Gray and Sonny Floyd Pervis, Docket Entry No. 230.

[7] Id.

After a four-day trial in March of 2017,[8] a jury convicted Defendant and Raynard Gray on all four counts.[9] The court imposed 125 months of imprisonment on each of the armed robbery counts to run concurrently with each other, followed by consecutive terms of 60 months for the carrying and use of a firearm and 300 months for brandishing a firearm, for a total of 485 months of imprisonment.[10]

Defendant filed a notice of appeal on October 31, 2017.[11] He retained Mr. Tausk as appellate counsel.[12] Defendant argued on appeal that § 924(c)(3)(B) is unconstitutionally vague, and thus that it could not support his conviction for a "crime of violence" under § 924(c).[13] This "residual clause" of § 924(c) defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). But the Fifth Circuit did not reach the issue of the residual clause's constitutionality, holding instead

---

[8]See Minute Entries for proceedings held before Judge Sim Lake: First, Second, Third, and Fourth Days of Jury Trial, Docket Entries No. 322, 323, 324, and 328.

[9]Verdict, Docket Entry No. 331.

[10]Judgment as to Sonny Floyd Pervis, Docket Entry No. 434, p. 3.

[11]Defendant's Notice of Appeal, Docket Entry No. 436.

[12]Id.

[13]Brief for Appellant Sonny Floyd Pervis, United States v. Pervis, No. 17-20689 (5th Cir. April 18, 2018), available at 2018 WL 1989232 at *44-49.

that Defendant's conviction for a "crime of violence" could be upheld under § 924(c)'s "elements clause."  <u>United States v. Pervis,</u> 937 F.3d 546, 552 (5th Cir. 2019).  That clause defines a "crime of violence" as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The Fifth Circuit held that robbery under 18 U.S.C. § 2113(a) can only be committed "by force," "violence," or "intimidation," that "intimidation in the bank-robbery context is inherently tied to a threatened use of force[,]" and that robbery under § 2113(a) thus constitutes a "crime of violence" as defined by § 924(c)'s elements clause.  <u>Pervis,</u> 937 F.3d at 552.

Defendant filed the instant § 2255 Motion on July 10, 2020.[14] He argues that his counsel was ineffective because he (1) failed to argue on appeal that bank robbery is not a crime of violence under the elements clause found at 18 U.S.C. § 924(c)(3)(A) and (2) failed to call and impeach a witness at trial.[15]  On September 8, 2020, the government filed its response arguing that Defendant's § 2255 Motion must be denied because (1) his argument regarding 18 U.S.C. § 924(c)(3)(A) is "meritless"[16] and (2) his

---

[14]Defendant's § 2255 Motion, Docket Entry No. 561.

[15]Memorandum of Points and Authorities in support of Defendant's § 2255 Motion ("Defendant's Memorandum"), Docket Entry No. 562, p. 2.

[16]United States' Response, Docket Entry No. 575, p. 8.

argument regarding the uncalled witness "demonstrat[es] neither deficient performance nor prejudice."[17]

## II. Standard of Review

A prisoner serving a sentence imposed by a federal court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A prisoner seeking relief under 28 U.S.C. § 2255 "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. United States v. Frady, 102 S. Ct. 1584, 1593 (1982). After a defendant has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted." United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted). For this reason, review of convictions under § 2255 is limited to "questions of constitutional or jurisdictional magnitude," United States v. Scruggs, 691 F.3d 661, 666 (5th Cir.

---

[17] Id. at 13.

2012), or claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. See, e.g., Massaro v. United States, 123 S. Ct. 1690, 1694-96 (2003).

### III. Discussion

#### A. Ineffective Assistance in General

The Sixth Amendment guarantees to each criminal defendant "the Assistance of Counsel for his defence." U.S. Const. amend. VI. Courts have long accepted that this is a right not only to counsel but to "'the *effective* assistance of counsel.'" United States v. Gonzalez, 943 F.3d 979, 983 (5th Cir. 2019) (quoting McMann v. Richardson, 90 S. Ct. 1441, 1449 (1970)) (emphasis in Gonzalez). A criminal defendant in federal custody claiming ineffective assistance of counsel may vindicate his Sixth Amendment rights by way of a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

A defendant's ineffective-assistance claim is analyzed under the legal standard set forth in Strickland v. Washington, 104 S. Ct. 2052 (1984). To prevail under the Strickland standard, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton v. Alabama, 134 S. Ct. 1081, 1088 (2014); United States v. Bernard, 762 F.3d 467, 471 (5th Cir. 2014). If a movant fails to

meet one of these tests, the court need not inquire whether the movant has met the other. See United States v. Bejarano, 751 F.3d 280, 285 (2014) ("'Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.'") (quoting Strickland, 104 S. Ct. at 2071); Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

To demonstrate deficient performance "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 104 S. Ct. at 2064. This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy. Id. at 2065-66. To overcome this presumption, a defendant must identify acts or omissions of counsel that were not the result of reasonable professional judgment. Id. at 2066.

Even assuming that a defendant can demonstrate error by his counsel, he must still demonstrate the requisite prejudice in order to prevail. See Strickland at 2066 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."). To establish prejudice under Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068.

"[T]he <u>Strickland</u> analysis applies equally to assertions of ineffective assistance of appellate counsel." <u>Amador v. Quarterman</u>, 458 F.3d 397, 411 (5th Cir. 2006) (citation omitted). Counsel is not ineffective simply because it does not raise "'every nonfrivolous ground that might be pressed on appeal[.]'" <u>United States v. Fields</u>, 565 F.3d 290, 294 (5th Cir. 2009) (quoting <u>Ellis v. Lynaugh</u>, 873 F.2d 830, 840 (5th Cir. 1989)). "'Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.'" <u>Ayestas v. Davis</u>, 933 F.3d 384, 394 (5th Cir. 2019) (quoting <u>Jones v. Barnes</u>, 103 S. Ct. 3308, 3313 (1983)).

### B. "Crime of Violence"

Defendant argues that counsel was ineffective because he failed to argue that bank robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A).[18] Defendant relies on the jury charge, which he says permitted the jury to convict Defendant if the government proved that he "took the money by means of force, violence and intimidation."[19] Defendant argues that "'intimidation' is not violent force and therefore intimidation cannot be held to be a crime of violence."[20]

---

[18]Defendant's Memorandum, Docket Entry No. 562, p. 2.

[19]<u>Id.</u> at 10.

[20]<u>Id.</u> at 11.

The Fifth Circuit plainly foreclosed this argument when it affirmed Defendant's conviction on appeal:

> Under § 2113(a), robbery can be committed 'by force and violence, or by intimidation.' Only intimidation possibly allowed a way out of the elements clause's scope, but in light of our bank robbery caselaw, we concluded that 'intimidation in the bank-robbery context is inherently tied to a threatened use of force.' Consequently, we held that robbery under § 2113(a) constitutes a crime of violence.

Pervis, 937 F.3d at 552 (quoting United States v. Brewer, 848 F.3d 711, 713-16 (5th Cir. 2017)).

The Fifth Circuit has consistently treated robbery under § 2113(a) as a crime of violence in decisions before and after Pervis. See, e.g., United States v. Smith, 957 F.3d 593-94 (5th Cir. 2020) ("As we have previously stated, § 2113(a) constitutes a crime of violence under Section 924(c)(3)(A)'s elements clause.") (internal quotations and citation omitted); United States v. Reece, 938 F.3d 630, 636 (5th Cir. 2019) ("Federal bank robbery constitutes a COV under § 924(c) 'because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.'") (quoting United States v. Cadena, 728 F. App'x 381, 382 (5th Cir. 2018)); Brewer, 848 F.3d at 715 ("The kind of 'intimidation' that suffices to put a victim in fear of bodily injury during the course of a bank robbery . . . is the very sort of threat of immediate, destructive, and violent force required to satisfy the 'crime of violence' definition.").

Because bank robbery is a crime of violence under § 924(c)(A), the court concludes that Defendant was not prejudiced because

counsel refrained from making an argument that contradicted well settled law. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). The court also concludes that counsel's failure to raise this meritless argument did not constitute conduct that "fell below an objective standard of reasonableness." Strickland, 104 S. Ct. at 2064.

## C.  Calling and Impeaching Witnesses

Defendant argues that counsel rendered ineffective assistance for failing to call co-conspirator Keith McGee to testify as a defense witness.[21] Defendant claims that McGee "wrote an affidavit stating that he was lying about [Defendant's] involvement in the crime that was committed and that he made the whole story up to save himself from getting [] lots of time[.]"[22] Defendant further claims that his defense counsel had this affidavit in his possession and that counsel was "suppose[d] to call Keith McGee as a witness" so that the jury could "hear how he recant[ed] his statement to the Government."[23] But counsel did not call McGee, an

---

[21] Defendant's Memorandum, Docket Entry No. 562, p. 7.

[22] Id.

[23] Id.

omission that Defendant says "violated my Sixth Amendment right and affected the outcome of my trial."[24]

To prevail on an ineffective assistance claim based on counsel's failure to call a witness, a § 2255 movant must "name the witness, demonstrate the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) (citing Bray v. Quarterman, 265 F. App'x 296, 298 (5th Cir. 2008)); accord Carter v. Stephens, 805 F.3d 552, 555 n.1 (5th Cir. 2015).

The United States did not call McGee as a witness. Defendant does not demonstrate that McGee was available to testify or that he would have testified if called. Defendant accuses McGee of lying, but does not explain what specifically McGee lied about. He does not specify what the content of McGee's testimony would have been, and thus cannot show that this hypothetical testimony would have been favorable to his defense. Defendant thus cannot prevail on an ineffective assistance claim based on Tausk's failure to call McGee. See Quarterman, 566 F.3d at 538.

Moreover, the overwhelming circumstantial and forensic evidence against Defendant makes it unreasonable to believe that any testimony from McGee would have changed the outcome of the trial. Multiple participants in the July 26 and July 28 robberies

---

[24] Id.

testified about Defendant's significant role in the offenses. Co-conspirator Howard Glaze testified that his involvement in the robbery began when Defendant asked him if he wanted to "hit a lick" (slang for committing a robbery).[25] Glaze further testified that he, Defendant, and McGee rode in a stolen truck to the credit union on July 26, 2014.[26] Glaze testified that when they arrived at the credit union, Defendant got out of the truck with a gun.[27] When they discovered that the bank's entrance was locked, the team fled in another vehicle driven by Christopher Braziel.[28] On July 28, 2014, the entry team was successful. Defendant, Glaze, and McGee went inside the bank with guns and robbed it.[29] Gray, Braziel, and another participant waited for them in separate getaway cars.[30] Glaze saw Defendant put a black trash bag full of stolen money in the car.[31] As the robbers drove away, a civilian followed them.[32]

---

[25] Transcript of Voir Dire and Trial, Day 1 held on March 20, 2017, before Judge Sim Lake, Docket Entry No. 450, pp. 113-114.

[26] Id. at 118.

[27] Transcript of Voir Dire and Trial, Day 2 held on March 21, 2017, before Judge Sim Lake, Docket Entry No. 451, pp. 278-79.

[28] Id. at 280.

[29] Id. at 285-91.

[30] Id. at 285-87.

[31] Id. at 301.

[32] Id. at 293.

inside their car.[33]

Christopher Braziel drove one of the getaway cars for both robberies.[34] His testimony corroborated Glaze's: Braziel testified that Glaze, Defendant, and McGee attempted to rob the bank on July 26, 2014, that Defendant was carrying a gun, and that the team was thwarted because the bank's front door was locked.[35] On their second attempt two days later, Defendant, McGee, and Glaze rode together again and successfully robbed the bank.[36]

Leroy Richardson participated in both robberies as a lookout driver.[37] He corroborated Glaze's and Braziel's testimony, implicating Defendant in both the attempted robbery on July 26 and the robbery on July 28.[38]

Forensic evidence corroborated Glaze's testimony that Defendant carried a trash bag full of stolen money out of the bank — investigators found a black garbage bag in the getaway car from the July 28 robbery, and they matched fingerprints on the bag

---

[33] Id. at 294.

[34] Id. at 14, 22.

[35] Id. at 13-20.

[36] Id. at 21-26.

[37] Id. at 162-63, 166.

[38] Id. at 160-68.

to Defendant.[39]

The court concludes that Defendant cannot show that he was prejudiced by the absence of McGee's testimony because even the most favorable testimony imaginable would almost certainly have been overwhelmed by the weight of the foregoing evidence. Defendant has not shown a reasonable probability that McGee's testimony would have led to a different result, and thus Defendant's ineffective-assistance claim cannot prevail. See Hinton, 134 S. Ct. at 1088.

### IV. Evidentiary Hearing

Defendant has requested a hearing.[40] "The question whether an evidentiary hearing is necessary to resolve charges of ineffective assistance depends on an assessment of the record." United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990). A motion brought under 28 U.S.C. § 2255 may be denied without a hearing if the motion, files, and record conclusively show that the prisoner is entitled to no relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). "If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further." Smith, 915 F.2d at 964. "A hearing is also unnecessary when the petitioner's allegations are 'inconsistent with his conduct' and when he does not offer 'detailed and specific facts' surrounding

---

[39]Id. at 233-37.

[40]Defendant's Memorandum, Docket Entry No. 562, p. 1.

his allegations." Id. (quoting Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987)).

Defendant claims that his counsel was ineffective because his counsel (1) refrained from raising a legal argument that, as explained above, would have certainly failed and (2) did not call a witness who, as explained above, could not have changed the outcome of his trial. The court concludes that the record is adequate to dispose of Defendant's allegations fairly, and no evidentiary hearing is required. See Smith, 915 F.2d at 964.

### V. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). This requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because Defendant does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will be denied.

## VI. Conclusion and Order

Based on the foregoing, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 561) is **DENIED**; the corresponding civil action will be dismissed with prejudice; and a certificate of appealability will be denied.

**SIGNED** at Houston, Texas, on this the 22nd day of March, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE